IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.                                                               CASE NO.: 5:19-cr-3

CHRISTOPHER EDWARD MARX,

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Government has filed a Motion for Revocation of Defendant Christopher Edward Marx's ("Marx") Pre-Trial Release. Doc. 93. The Court conducted a hearing in accordance with 18 U.S.C. § 3148 on this matter on July 9, 2019. Doc. 104. For the reasons set forth on the record at this hearing and supplemented below, the Court **GRANTS** the Government's Motion, **REVOKES** Mr. Marx's pretrial release, and **ORDERS** that Mr. Marx be **DETAINED** until the resolution of the criminal proceedings against him or otherwise determined by the Court. The undersigned **RECOMMENDS** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2), and the surety's bond should be **EXONERATED**.[1]

**BACKGROUND**

In this action, Mr. Marx is charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Ballbuena, No. 8:08-cr-271, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Doc. 1.  On February 28, 2019, the Court conducted Mr. Marx's initial appearance and conducted a bond hearing.  The Court ordered Mr. Marx released pending trial subject to certain conditions.  Docs. 37, 38.  The Court's Order Setting Conditions of Release set an appearance bond in the amount of $30,000 to be secured by a solvent surety.  Doc. 37 at  1.  The Court also ordered that Mr. Marx not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.  Id. at 2.  As an additional condition, Mr. Marx was ordered to submit to testing for prohibited substances, including urine testing, and was ordered not to "obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing."  Id.  On this same date, February 28, 2019, Mr. Marx signed an appearance bond and agreed to "comply with all conditions set forth in the Order Setting Conditions of Release."  Doc. 36. at 1.  The bond made it clear that, if Mr. Marx did not fulfill that agreement, the bond and any security would be forfeited, and the Court could "order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs."  Id.  Mr. Marx's bond was secured by Penny S. Marx as a third-party surety.  Id. at 2.

In the Government's Petition, the United States Probation Office alleges Mr. Marx violated the above-referenced conditions of supervision.  Doc. 93.  Specifically, on June 5, 2019, Mr. Marx reported to the Tallahassee, Florida United States Probation Office for a urinalysis.  Mr. Marx's behavior during that meeting was suspicious to the Probation Officer.  When questioned as to whether he had any device or means to tamper with the testing, Mr. Marx admitted that he had a "Whizzinator" device and synthetic urine.  Mr. Marx admitted he had purchased the device the day before.  Marx also admitted he used methamphetamine the previous

Thursday and signed an admission of drug use form.  Mr. Marx submitted to a urinalysis with his own urine, which tested positive for methamphetamine.  <u>Id.</u>

The Court authorized the issuance of a warrant and Mr. Marx was arrested in Tallahassee, Florida, on June 27, 2019.  Docs. 93, 101.  Mr. Marx was brought before Magistrate Judge Charles A. Stampelos in the Northern District of Florida on June 27, 2019 for his initial appearance.  At that hearing, Judge Stampelos modified Mr. Marx's conditions of release in accordance with Federal Rule of Criminal Procedure 40(c) pending a final bond revocation hearing.  In addition to the bond conditions previously imposed by this Court, Mr. Marx was ordered to home confinement and ordered to appear before this Court on July 8, 2019 for his final bond revocation hearing.  Doc. 5 of Tallahassee, FL Case 4:19-mj-00148-SEALED.

A bond revocation hearing was held in this Court on July 9, 2019.  Doc. 104.  Mr. Marx was given prior notice of the bond revocation hearing and its purpose and of the alleged violation.  He appeared at said hearing with counsel and was afforded the opportunity to call witnesses and present evidence on his own behalf.  After consultation with counsel, Mr. Marx stipulated to the facts and violations alleged in the Petition.  At the hearing, the Government reaffirmed its request that the Court revoke Mr. Marx's bond and that Mr. Marx be detained pending trial.  Mr. Marx, through counsel, opposed the request, asking that he remain on bond pending trial, and asked the Court to impose restrictive conditions of release on Mr. Marx.  Mr. Marx presented two witnesses—his mother and wife—as well as argument in support of his request that he be allowed to remain on bond.

## DISCUSSION

**I.      Violations of Pretrial Release**

Having considered the entire record, including the evidence and argument presented at the July 9, 2019 hearing, the Court revokes Mr. Marx's bond and orders that he be detained pending trial. In light of Mr. Marx's stipulation, the Court finds that the Government has shown by clear and convincing evidence that Mr. Marx violated the conditions of release previously imposed by the Court. 18 U.S.C. § 3148(b)(1)(B). Additionally, the Court finds that Mr. Marx is unlikely to abide by any condition or combination of conditions of release that would reasonably assure Mr. Marx would not flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(B).

Mr. Marx is addicted to methamphetamine and continues to struggle with his addiction. While Mr. Marx has pursued substance abuse treatment while on release, he has continued to unlawfully use controlled substances. The record demonstrates Mr. Marx's addiction likely caused his use methamphetamine just before his June 5, 2019 drug test. Those facts alone might warrant revocation of Mr. Marx's bond, but his conduct is not limited to a single instance of consuming methamphetamine. The Petition alleges—and Mr. Marx admits—that while on release and under the supervision of the United States Probation Office he intentionally sought out and obtained a device and synthetic urine in an effort deceive his supervising officer and hide his illegal drug use. After obtaining those items, Mr. Marx walked into the United States Probation Office intending to use those devices to surreptitiously cover up his violation. Mr. Marx's suspicious demeanor caused the probation officer to confront Mr. Marx. Only then did Mr. Marx admit to his drug use and plan to hide it. Mr. Marx's conduct shows not only that he is willing to violate the conditions of his release, but that he will use dishonest means to hide his

violations.  In light of these facts, the Court finds that Mr. Marx is unlikely to abide by the conditions previously imposed, conditions proposed by his counsel, or any other available conditions, see 18 U.S.C. § 3142(c).  Mr. Marx would likely continue violating his conditions of release and the law if permitted to remain on pretrial release and would employ efforts to hide detection of those violations.  There is no condition or combination of conditions that will sufficiently mitigate the risks posed if Mr. Marx is allowed to continue pretrial release.  Accordingly, the Court hereby **REVOKES** Mr. Marx's bond.

At the July 9, 2019 hearing, Mr. Marx was committed to the custody of the Attorney General or a designated representative and he shall remain so committed until the resolution of the criminal proceedings against him or otherwise determined by the Court.  Mr. Marx shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, including his Codefendants in this case, and Mr. Marx must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Mr. Marx to the United States Marshal for a court appearance.

**II.     Forfeiture**

Having found that a condition of the appearance bond has been breached, based on Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited."  Fed. R. Crim. P. 46(f)(1).  Forfeiture is triggered not just by a failure to appear but also by violations of other conditions.  Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969).  Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond.  See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety

jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  As described above, Mr. Marx has breached the express conditions of his release, and, therefore, his bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture, in whole or in part, if "it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2).  Rule 46(f)(1) combines with Rules 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture.  United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011).  Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend.  United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

Justice requires setting aside all of the forfeiture in this case.  Mr. Marx's willfulness in breaching the conditions of his bond is apparent.  Although Mr. Marx's breach did not cause delay in the trial of this case, it resulted in cost and inconvenience to the Court and the Government.  Nevertheless, Mr. Marx saved the Government and the Court time and resources by stipulating to his violation.  Counsel for Mr. Marx provided several mitigating factors at the hearing.  These factors include Mr. Marx's work history, his support for his family, and his struggle with drug addiction.  Further, the third-party surety, Penny S. Marx, does not appear to be responsible for Mr. Marx's violations of his pretrial release conditions, and there is no evidence that she participated in Mr. Marx's admitted violations.

**CONCLUSION**

The Court **GRANTS** the Government's Motion, **REVOKES** Mr. Marx's pretrial release, and **ORDERS** that Mr. Marx shall remain **DETAINED** until the resolution of the criminal proceedings against him or otherwise determined by the Court.

In light of the foregoing and the evidence received at the hearing, I **RECOMMEND** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** under Federal Rule of Criminal Procedure 46(f)(2), and the surety bond should be **EXONERATED**.

The Court **ORDERS** any party seeking to object to this Order and Report and Recommendation to file specific written objections within 14 days of the date on which this Order and Report and Recommendation is entered. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). If the Court receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo review of the record, may accept, reject, or modify, in whole or in part, these findings or recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b). Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon all parties and upon the surety, Penny S. Marx.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA