UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:48 am, Dec 08, 2020

UNITED STATES OF AMERICA

v.

CHRISTOPHER EDWARD MARX

Case No. 5:19cr003

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

　　☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

　　☐ Time served.

If the defendant's sentence is reduced to time served:

　　　　☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED in part after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

In his motion to the Court, Defendant cites his medical conditions, i.e. asthma, hypertension, anxiety, hyperlipidemia, hypothyroidism and obesity, along with the risk he faces from COVID-19, as warranting his compassionate release under § 3582(c). The Court finds that Defendant has properly exhausted his administrative remedies with regard to his asthma, hypertension, and hypothyroidism. While Defendant's records confirm his alleged medical conditions, the records tend to show that those conditions are well-managed and under control. At this point, the Court cannot conclude that Defendant's conditions are sufficiently serious to warrant compassionate release.

Even if Defendant had shown extraordinary and compelling reasons for compassionate release, the Court would still deny his motion based upon the factors contained in 18 U.S.C. § 3553(a). In the underlying case, Defendant pleaded guilty to the offense of conspiracy to possess with intent to distribute controlled substances. As part of the offense, Defendant provided a twelve-year-old child with drugs that led to her overdose. It appears his prior felony robbery

3

conviction and fraud conviction did not deter him from committing another criminal offense. His advisory guideline range was 108 to 135 months' imprisonment. The Court sentenced Defendant near the lower end of the guideline range at 114 months' imprisonment. Currently, Defendant's projected release date is June 24, 2027, meaning he has about six and one-half years left to serve. If Defendant were released now, he will have served only about nine months' imprisonment. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☒ DENIED WITHOUT PREJUDICE in part because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

In his motion to the Court, Defendant cites his medical conditions, i.e. asthma, hypertension, anxiety, hyperlipidemia, hypothyroidism and obesity, along with the risk he faces from COVID-19, as warranting his compassionate release under § 3582(c). Defendant, however, has not exhausted his administrative remedies with regard to his anxiety, hyperlipidemia, and obesity. Indeed, Defendant's reduction-in-sentence ("RIS") request dated September 4, 2020 does not mention these medical conditions. Dkt. No. 183 at 18. As such, the BOP has had no opportunity to assess, for compassionate release purposes, these specific medical conditions in light of COVID-19. In order to have fully exhausted his administrative remedies for seeking compassionate release based on these specific medical conditions and COVID-19, Defendant should have brought them to the BOP's attention in his RIS request.

IT IS SO ORDERED.

Dated:

December 8, 2020

_____
UNITED STATES DISTRICT JUDGE